IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE R. MCDONOUGH | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-487-NR |
| | ) |
| v. | ) |
| | ) |
| ALGORITHM, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Lawrence McDonough brings claims for breach of contract and violation of the Pennsylvania Wage and Payment Collection Law against Defendant Algorithm, Inc., after Algorithm terminated his employment and failed to pay him by the terms of his employment contract. But under that employment contract, he needed to mediate his dispute before filing suit. He didn't. Algorithm now moves to dismiss the complaint to require Mr. McDonough to mediate, or otherwise transfer the case to the District Court for the Southern District of Ohio based on the contract's "forum-selection clause." ECF 19.[1] The Court grants its motion in part and requires the parties to submit to mediation before this case may proceed.

The contract provision at issue reads:

MEDIATION. Except for claims for injunctive relief, the Parties agree that, unless prohibited by law, prior to the commencement of litigation or formal presentation of any claim arising from Employee's employment with Employer or arising from any term of this Agreement, the Parties will submit to mediation with an agreed-upon mediator who is an attorney licensed to practice law in the State of Ohio, who does not represent either party. The Parties will share the cost of mediation and will make reasonable efforts to settle all claims. Prior to commencing any litigation or formally presenting a legal or administrative claim,

---

[1] The parties refer to a "forum-selection clause," but that clause is more like a permissive consent-to-personal-jurisdiction clause. *See* ECF 3-2, ¶ 17 ("The Parties agree to submit to the jurisdiction of the courts in the County of Franklin, State of Ohio, with respect to the adjudication of any disputes.").

> either Party will provide written notice of the potential claims to the other Party and will cooperate to schedule a mediation conference or conferences promptly thereafter. A Party may proceed with commencing litigation or formal presentation of a claim only if a reasonably attempt at mediation is unsuccessful.

ECF 3-2, ¶ 9. The provision is mandatory ("the Parties will submit to mediation"), so mediation was a condition precedent to Mr. McDonough bringing his claims. *Brackenridge Constr. Co., Inc. v. Home Depot USA, Inc.*, No. 09-353, 2009 WL 10690027, at *3 (W.D. Pa. July 22, 2009) (Schwab, J.) (dismissing complaint "for failure to submit its claims to mediation prior to instituting any litigation, as required by the condition precedent set forth in . . . [the] contract between the parties").

Mr. McDonough argues that the mediation clause is unenforceable because it is proscribed by the WPCL and is otherwise unconscionable. ECF 21, pp. 7-9. Both arguments fail.

"[T]he WPCL states that 'no provision of this act shall in any way be contravened or set aside by a private agreement,' and courts have found that contractual provisions purporting to avoid the WPCL are unenforceable." *Viancourt v. Paragon Wholesale Foods Corp.*, No. 20-628, 2023 WL 2726705, at *23 (W.D. Pa. Mar. 31, 2023) (Fischer, J.) (cleaned up and quoting 43 P.S. § 260.7). But that doesn't mean that parties can't engage in mediation or agree to settle claims for unpaid wages. Just the opposite; the law also says: "Any such employe [*sic*], labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages." 43 P.S. § 260.9a(b).

Mr. McDonough asserts that the provision is unlawful because he would have to split the cost of mediation, which he argues is a "financial detriment" that "contradicts" the WPCL. ECF 21, p. 8. But nothing in the law stands for that proposition, and his conclusory statement won't win the day. In short, a settlement reached via mediation does not necessarily contravene or set aside any aspect of the

WPCL or Mr. McDonough's rights arising under it, so he cannot avoid mediation on that basis.

Nor is the mediation provision unconscionable. To set the clause aside, Mr. McDonough must establish that it is both procedurally and substantively unconscionable. *Harbison v. Louisiana-Pac. Corp.*, 602 F. App'x 884, 886 (3d Cir. 2015); *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 119-20 (Pa. 2007). He cannot make either showing.

"Procedural unconscionability exists where there was a lack of meaningful choice in the acceptance of the challenged provision." *Harbison*, 602 F. App'x at 886 (cleaned up). "A contract will be deemed procedurally unconscionable when formed through oppression and unfair surprise." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 235 (3d Cir. 2012) (cleaned up). But here, and as pled in the complaint, Mr. McDonough negotiated the terms of his employment contract, and he doesn't allege that he was otherwise deceived into accepting the mediation term. ECF 3, ¶¶ 18-22. Thus, the Court is not persuaded that Mr. McDonough lacked meaningful choice when he signed his contract.

The provision isn't substantively unconscionable either. This is a standard mediation provision, where both parties jointly pick the mediator and split the costs. It is not one-sided. *Romero v. Allstate Ins. Co.*, 158 F. Supp. 3d 369, 383 (E.D. Pa. 2016) (collecting cases).

Mr. McDonough's hang-up appears to be that he doesn't want the mediator to be based in Ohio, instead of Pennsylvania. ECF 21, p. 9. But that doesn't make the provision unconscionable. He hasn't shown why a licensed practitioner in Ohio would be unable to facilitate an opportunity for the parties to reach a mutually beneficial and agreed-upon resolution. Further, if location is an issue, many mediations now

are conducted virtually, and the Court sees no reason why this one cannot proceed in a virtual format too.[2]

For these reasons, the Court will grant the motion, in part, and order the parties to proceed to mediation, as required by their contract.

\* \* \*

**AND NOW**, this 7th day of August, 2024, it is hereby **ORDERED** that Defendant's motion to dismiss or transfer (ECF 19) is **GRANTED** in part. The parties shall submit to mediation in good faith, pursuant to the provision in the employment contract.

It is **FURTHER ORDERED** that this case is hereby **STAYED** pending mediation, and the Clerk of Court shall mark this case as **CLOSED**. This is without prejudice to either party moving to re-open this case should the parties fail to reach a settlement. The Court holds the parties' arguments related to the forum-selection clause in abeyance until that time.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[2] Even if this case were to proceed in this Court, the parties would be required to engage in early ADR, which is essentially the same as the contractual mediation clause.